UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-99-586-1, -2 |
| | § | CIVIL ACTION  NO. H-07-3042 |
| CARRIE HAMILTON and ALICE MILES | § | |
| | § | |
| Defendants-Movants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255 is the United States'
Response (Document No. 507) to Movants Carrie Hamilton's and Alice Miles' Application for Relief
from an Illegal Sentence under 28 U.S.C. § 2255 (Document No. 503).  Having considered
Hamilton's and Miles' § 2255 Motion, the United States' Response, the record of the proceedings
in the underlying criminal case, the findings and determinations on appeal, and the applicable law, the
Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant's Application for
Relief under § 2255 be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

## I.      Procedural History

Movants Carrie Hamilton ("Hamilton") and Alice Miles ("Miles"), both of whom are currently
in the custody of the United States Bureau of Prisons, are seeking federal habeas corpus relief under
28 U.S.C. § 2255.  This is Hamilton's and Miles' first application for relief under      § 2255.

In October 1999, Hamilton and Miles were charged by Indictment with conspiracy to commit
mail fraud (count one), aiding and abetting mail fraud (counts 2-4), aiding and abetting health care
fraud (count 5), engaging in an illegal currency structuring transaction (count 6), conspiracy to
commit money laundering (count 7), money laundering promotion (counts 8-13), aiding and abetting

money laundering concealment (counts 14-20), and paying illegal kickbacks (counts 21-31). Criminal forfeiture was also alleged in count 32. Both Hamilton and Miles pled not guilty and proceeded to trial. On November 16, 2000, following a 36 day trial, Hamilton and Miles were both found guilty on counts 1-5, 7, 8-13, 16-20, 21-31 and 32; they were both acquitted on counts 6, 14, and 15. Thereafter, following the preparation of a Presentence Investigation Report, to which both Hamilton and Miles filed Objections, Hamilton and Miles were sentenced to 204, and 168 months confinement, respectively, to be followed by a three year term of supervised release, special assessments totaling $2,100, and restitution in the amount of $4,272,246.72. Judgments of conviction were entered on December 21, 2001 (Miles), and January 3, 2002 (Hamilton).

Hamilton and Miles both appealed. In a published decision dated February 13, 2004, the Fifth Circuit affirmed in part and reversed in part the convictions of Hamilton and Miles, and remanded the case for re-sentencing:

> For the reasons discussed above, we reverse the convictions of Carrie Hamilton and Alice Miles on Counts 8-13 (money laundering promotion) and 12-31 (Medicare kickbacks). In addition, we vacate the sentences of all three appellants [Carrie Hamilton, Alice Miles and Richard Miles] and remand for resentencing on the ground that Medicare is not a "financial institution" within the meaning of U.S.S.G. § 2B1.1(b)(12)(A), in addition to resentencing based on the reversal of the convictions noted above. On all other grounds, we affirm the rulings of the district court, the jury verdict, and the other bases for the sentenced imposed by the district court.

*United States v. Miles*, 360 F.3d 472, 483 (5th Cir. 2004).

Upon remand, an amended and supplemental presentence investigation report was prepared, to which objections were again filed by Hamilton and Miles. On July 14, 2004, Hamilton and Miles were resentenced. Hamilton and Miles were sentenced to 171 and 135 months confinement, respectively, to be followed by a three year term of supervised release, special assessments totaling

$1,050, and restitution in the amount of $4,266,246.74.  Amended Judgments of Conviction were entered on July 14, 2004.

Hamilton and Miles again appealed.  On February 16, 2006, their sentences were affirmed by the Fifth Circuit Court of Appeals.  A subsequent petition for writ of certiorari was denied by the United States Supreme Court on October 2, 2006.  Hamilton's and Miles' Application for Relief under § 2254 was filed within one year thereafter.  The Government has filed a response to the Application, arguing therein that no relief is available to Hamilton or Miles on the merits of their claims.

## II.    Claims

Hamilton and Miles raise the following two inter-related claims:

1.    that defense counsel was ineffective for failing to challenge the legality of their sentences on Sixth Amendment grounds in the first appeal, thereby waiving error; and

2.    that defense counsel was ineffective for failing to inquire, and make a record at the re-sentencing, of the Court's sentencing inclinations in the event the Sentencing Guidelines were found to be advisory.

Hamilton and Miles argue that if counsel had, in the first appeal, preserved their Sixth Amendment claims, or if counsel had, at re-sentencing, made further inquiry into the basis of the Court's sentencing decision, Hamilton and Miles could have obtained a more favorable outcome on their *Blakely/Booker* claims.    The Government, in response, maintains that no relief is available to Hamilton and Miles on either of their ineffectiveness claims.

## III.    Discussion

3

Claims of ineffective assistance of counsel are generally measured by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had.  *Id*. at 687.  Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable.  *Id.* at 687-689.  The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct.  *Strickland*, 466 U.S. at 690-691.  The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Claims of ineffective assistance of appellate counsel are generally assessed under the same two part *Strickland* deficiency and prejudice standard as claims of ineffective assistance of trial counsel. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994).  With respect to *Strickland's* deficiency prong, "[o]n appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *see also Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.) ("The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."), *cert. denied*, 493 U.S. 970 (1989).  Rather, "[a]ppellate counsel is obligated to only raise and brief those issues that are believed to have the best chance of success." *Rose v. Johnson*, 141 F.Supp.2d 661, 704-705  (S.D. Tex. 2001).  "It is not only reasonable but effective for counsel on appeal to winnow out weaker arguments and focus on a few

key issues." *Mayo v. Lynaugh*, 882 F.2d 134, 139 (5th Cir. 1989), *modified on other grounds*, 893 F.2d 683 (5th Cir. 1990), *cert. denied*, 502 U.S. 898 (1991). "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

As for *Strickland's* prejudice prong, in the context of an ineffective assistance of appellate counsel claim, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001). When the claim of ineffective assistance of appellate counsel is based on counsel's failure to raise a claim or issue on appeal, prejudice is established if it is shown "that the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue" and "that the attorney's deficient performance led to a fundamentally unfair and unreliable result." *Id.* at 474-75.

Here, the record fully supports the conclusion that appellate counsel was not ineffective, in connection with the first appeal, for failing to preserve error on the Sixth Amendment *Blakely/Booker* claims. Hamilton and Miles were sentenced on December 17, 2001. At the time of their sentencing, neither *Blakely* nor *Booker* had been decided. *See Blakely v. Washington*, 542 U.S. 296 (June 24, 2004); and *United States v. Booker,* 543 U.S. 220 (January 12, 2005). Counsel cannot be faulted for failing to anticipate the change in the law that was brought about in *Blakely* and *Booker*. *See Avila v. United States*, 2007 WL 4190797 *2 n.3 (S.D. Tex. 2007) (defense counsel's performance is not deficient under Strickland for failing to predict or anticipate the *Blakely* and *Booker* decisions); *Homer v. United States*, 2006 WL 2663815 *6 (S.D. Tex. 2006) (defense attorney not deficient for

failing to "predict the *Blakely* and *Booker* decisions and raise an argument thereon"); *United States v. Richmond*, 2007 WL 2284543 *2 (E.D. La. 2007) (defense counsel "cannot be deemed ineffective for conforming to the law as it existed at the time of the alleged error, i.e. at the sentencing hearing, and failing to anticipate significant subsequent changes in the law as set forth in *Blakely*, *Booker* and *Fanfan*"); *United States v. Facen*, 2007 WL 2156584 *4 (W.D. La. 2007) ("Defense counsel could not be considered ineffective for failing to anticipate the implications of *Blakely* or foresee *Booker*."); *see also Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("there is no general duty on the part of defense counsel to anticipate changes in the law"); *Lucas v. Johnson*, 132 F.3d 1069, 1078-79 (5th Cir.) ("The determination whether the performance of counsel was deficient is based upon the law as it existed at the time of trial.. . . [C]ounsel is not required to anticipate subsequent developments in the law."), *cert. dism'd*, 524 U.S. 965 (1998).  As such, counsel was not ineffective for failing to raise a Sixth Amendment *Blakely/Booker* type claim in the first direct appeal.

As for Hamilton and Miles' claim that counsel, at their re-sentencing on July 13, 2004, should have sought information or directly inquired about the District Court's sentencing inclinations in the event the sentencing Guidelines were later found unconstitutional, such a claim is likewise defeated by fact that counsel is not required to anticipate changes in the law.  *Booker* was not decided until nearly six months after Hamilton's and Miles' re-sentencing.  Until *Booker* was decided, counsel did not know, and was not reasonably required to predict, whether the wholesale and mandatory application of the sentencing Guidelines was constitutional.  Moreover, it was not until the Fifth Circuit decided *United States v. Mares*, 402 F.3d 511, 513, 520 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 43 (2005), that defense counsel had any basis for developing a record in order to challenge, for plain error, a district's court's mandatory application of the sentencing guidelines.  *See Mares*, 402

F.3d at 521 (while a *Booker* error– that is, a mandatory as opposed to advisory application of the Guidelines– is an error that is plain, a *Booker* error will be found to affect substantial rights only if the defendant can show that the "sentencing judge– sentencing under an advisory scheme rather than a mandatory one– would have reached a significantly different result.").  Because the law, as it existed at the time of Hamilton's and Miles' re-sentencing, did not call for or support an inquiry of the Court as to its sentencing inclinations if the sentencing guidelines were to be found unconstitutional, counsel was not deficient for failing to make such an inquiry.

In addition, a review of the record shows that defense counsel's performance at Hamilton's and Miles' re-sentencing was reasonable.  *Blakely* had been decided by the time Hamilton and Miles were re-sentenced.  The record shows that counsel made objections, based on *Blakely*, to the enhancement of Hamilton's and Miles' sentences upon consideration of facts not found by a jury.  In overruling those objections, the District Court determined that Hamilton and Miles had waived any *Blakely* objections by failing to raise the issue in their first direct appeal.[1]  Thereafter, the Fifth Circuit, in its February 16, 2006, decision affirming Hamilton's and Miles' sentences, found that Hamilton's and Miles' Sixth Amendment *Blakely/Booker* claims had not been preserved for appeal, and that their sentences could only be reviewed for plain error.  The Fifth Circuit then found no plain error in the District Court's sentencing of Hamilton and Miles:

> [Hamilton and Miles] argue that the district court erred in sentencing by improperly relying upon facts not found by a jury or admitted, in violation of *Booker.*  Citing *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), [Hamilton and Miles] argue that harmless error applies to our review of this issue because they preserved their challenge by raising a Sixth Amendment challenge at

---

[1] The District Court also determined, based on the Fifth Circuit's July 12, 2004, decision in *United States v. Pinero*, 377 F.3d 464, 465-66 (5th Cir. 2004), that *Blakely* did not apply to the sentencing guidelines.  *Pinero* was later overruled by *Booker*.

initial sentencing and that their failure to raise the issue on initial appeal does not eviscerate this preservation. The Government argues that plain error applies because [Hamilton and Miles] failed to preserve their challenge grounded in the Sixth Amendment by waiving the issue on first appeal.

Addressing both the mandate rule and preservation, we have previously held that the mandate rule did not foreclose reconsideration of sentencing to allow the application of an upward departure when "the issue was not waived in the prior appeal and . . . arose out of the correction of the sentence of this court [on initial appeal]." *Lee II*, 358 F.3d at 320 n.3, 323-24. Such is not the case here where any objection originally raised grounded on the Sixth Amendment was waived when [Hamilton and Miles] abandoned the argument on initial appeal to this Court. *See id.* (citing, amongst others, *United States v. Hass*, 199 F.3d 749, 753 (5th Cir. 1999)). [Hamilton's and Miles'] argument that to raise *Apprendi* at the time of sentencing or on appeal would have been futile is not availing. *See United States v. Akpan*, 407 F.3d 360, 376 (5th Cir. 2005). We review [Hamilton's and Miles'] sentences for plain error.

[Hamilton and Miles] bear the burden of showing plain error. *See* Fed. R. Crim. Proc. 52(b); *Mares*, 402 F.3d at 521. The parties agree that the district court plainly erred by increasing [Hamilton's and Miles'] sentences on the basis of facts other than prior convictions not alleged in the indictment, admitted by [Hamilton and Miles], or proven to a jury beyond a reasonable doubt. It is now clear that the district court's reliance on *Pineiro I* to deny [Hamilton's and Miles'] challenge to the enhancements and loss amount was error that is plain. *Mares*, 402 F.3d at 520; *see also Booker*, 125 S.Ct. at 738; *Johnson v. United States*, 520 U.S. 461, 468, 117 S. Ct. 1544, 137 L.Ed.2d 718 (1997).

Thus, in order to show reversible error, [Hamilton and Miles] must show that the error affected their "substantial rights." *Mares*, 402 F.3d at 520 (citing *United States v. Cotton*, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). To do so, [Hamilton and Miles] must show that the error "affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

The transcript of the sentencing hearing indicates that the district court made no suggestion of an inclination to sentence outside the Guidelines or hint of constraint to sentence within them. There is no statement by the district court judge to indicate what he might have done were the Guidelines not mandatory. Thus, "[w]e do not know what the trial judge would have done had the Guidelines been advisory." *Mares*, 402 F.3d at 522. And, on such a record, [Hamilton and Miles] cannot show that the district court, sentencing under an advisory scheme, "would have reached a significantly different result." *Id.* [Hamilton and Miles] cannot demonstrate plain error on this record.

*Hamilton*, 440 F.3d at 699-700.

Here, Hamilton's and Miles' ineffectiveness claims are premised on counsel's failure to make a record that would have supported a different conclusion on plain error review. Because there was no law in existence at the time of Hamilton's and Miles' re-sentencing that would have supported counsel's request for such a record, counsel was not ineffective within the meaning of *Strickland*. In addition, because there is nothing in the record to indicate, and because Hamilton and Miles have made no independent showing, that the Court would have considered a significantly less harsh sentence if it had thought or known that portions of the sentencing guidelines could be viewed as only advisory, Hamilton and Miles have not and cannot show that they were prejudiced by their counsel's performance at re-sentencing. Therefore, no relief is available to Hamilton or Miles on their ineffectiveness claims.

## IV.    Conclusion and Recommendation

Based on the foregoing, the conclusion that no relief is available to Hamilton or Miles on the ineffectiveness claims they raise herein, the Magistrate Judge

RECOMMENDS that Movant Carrie Hamilton's and Alice Miles' Application for Relief from Illegal Sentence under 28 U.S.C. § 2255 (Document No. 503) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual

9

findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 19th  day of  May, 2008.

Frances H. Stacy
United States Magistrate Judge